UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LAWRENCE SANDS AND
ARLENE SANDS

    Plaintiffs,

v.

EQUABLE ASCENT FINANCIAL, LLC AND **HAYT, HAYT & LANDAU, P.L.**

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiffs, LAWRENCE SANDS AND ARLENE SANDS, hereinafter "Plaintiffs" by and through the undersigned counsel and hereby brings this action against Defendants, EQUABLE ASCENT FINANCIAL, LLC and HAYT, HAYT & LANDAU, P.L., hereinafter "Defendants", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter the "FDCPA"), and in support thereof alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Palm

Beach County, Florida and the Defendant EQUABLE ASCENT FINANCIAL, LLC is a Delaware limited liability company and Defendant HAYT, HAYT & LANDAU, P.L. is a Florida professional limited liability company whose transacts business in Palm Beach County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, Lawrence Sands is an individual residing in the County of Palm Beach, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Plaintiff, Arlene Sands is an individual residing in the County of Palm Beach, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant, EQUABLE ASCENT FINANCIAL, LLC is a Delaware limited liability company, and has its principal place of business in Buffalo Grove, Illinois where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).  Defendant is vicariously liable for the actions of its attorneys who are also "debt collectors" as that term is defined by the FDCPA.  *Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507 (9th Cir. 1994).

6. Defendant, HAYT, HAYT & LANDAU, P.L. is a Florida professional limited liability company, and has its principal place of business in Miami, Florida where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

7. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to

promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

8. Plaintiff, ARLENE SANDS, is alleged to have incurred a financial obligation to Chase Bank which debt, upon information and belief, was purchased by the Defendant, EQUABLE ASCENT FINANCIAL, LLC. Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5).

9. Defendants sought to collect an alleged debt from Plaintiff LAWRENCE SANDS' jointly-held bank account arising from a credit card used by his spouse, Plaintiff, ARLENE SANDS, for personal, family or household purposes.

10. The alleged debt was reduced to a default final judgment against Arlene Sands on or about January 7, 2013.

11. On, or about, March 7, 2013, Defendant EQUABLE ASCENT FINANCIAL, LLC through its attorney, Defendant HAYT, HAYT & LANDAU, P.L., filed a Motion for Garnishment after Judgment and Writ of Garnishment against Arlene Sands' bank account.

12. On or about, April 5, 2013, Defendant HAYT, HAYT & LANDAU, P.L. received an answer from the Garnishee, Regions Bank, a national banking association. A true and correct copy of the Garnishee's answer is attached hereto as Exhibit "A" and incorporated herein by reference.

13. The answer from the Garnishee discloses that the bank account at issue was titled "ARLENE R SANDS, LAWRENCE MARK SANDS" in the combined amount of $2759.80.

14. Florida law requires the following upon the receipt of the Garnishee's answer in a garnishment proceeding:

**Service of garnishee's answer and notice of right to dissolve writ –**

Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiffs motion for writ of garnishment is untrue. <u>The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.</u>

§ 77.055, Florida Statutes (emphasis added).

15. Defendant HAYT, HAYT & LANDAU, P.L. failed to mail Plaintiffs the mandated documents as required by § 77.055, Florida Statutes.

16. Defendant HAYT, HAYT & LANDAU, P.L. further failed to serve Plaintiffs with notice of garnishment proceedings in violation of Florida law and Plaintiffs' due process rights. *Triton Holdings, Inc. v. First Union National Bank of Florida,* 723 So.2d 377 (Fla. 3d DCA 1998); *H.B. London & Co. v. Wiles*, 695 So.2d 876 (Fla. 2d DCA 1997); Amend. XIV §1, U.S. Const.

17. Courts have consistently held that the wrongful levy on property belonging to another person will give rise to a cause of action under the FDCPA. *Phillips v. Messerli & Kramer, P.A.*, Slip Copy, 2008 WL 5050127 (D. Minn. November 20, 2008).

<u>COUNT I</u>
<u>VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. §1692 et seq. – FAILING TO GIVE NOTICE TO LAWRENCE SANDS OF GARNISHMENT PROCEEDINGS IN VIOLATION OF STATE LAW</u>

18. Plaintiff, LAWRENCE SANDS, re-alleges and incorporates the allegations contained in paragraphs 1 through 17, herein.

19. Defendants violated the Fair Debt Collection Practices Act by using a deceptive means in violation of 15 U.S.C. §1692e, by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §1692d, and by engaging in an unfair and deceptive practice in violation of 15 U.S.C. §1692f, by failing to give Plaintiff, LAWRENCE SANDS, notice of the garnishment proceedings in State Court as mandated by Florida law.

20. The foregoing acts and omissions of Defendants constitute violations of the FDCPA.

21. As a result of Defendants' FDCPA violations, Plaintiff, LAWRENCE SANDS, has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

WHEREFORE, Plaintiff LAWRENCE SANDS, prays that this Court enter judgment against the Defendants for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendants, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendants, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants, and other such relief in the discretion of this Court.

### COUNT II
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq. – FAILING TO GIVE NOTICE TO ARLENE SANDS OF GARNISHMENT PROCEEDINGS IN VIOLATION OF STATE LAW

22. Plaintiff, ARLENE SANDS, re-alleges and incorporates the allegations contained in paragraphs 1 through 16, herein.

23. Defendants violated the Fair Debt Collection Practices Act by using a deceptive means in violation of 15 U.S.C. §1692e, by engaging in conduct the natural consequence of which is to harass, oppress or abuse in violation of 15 U.S.C. §1692d, and by engaging in an unfair and deceptive practice in violation of 15 U.S.C. §1692f, by failing to give Plaintiff, ARLENE SANDS notice of the garnishment proceedings in State Court as mandated by Florida law.

24. The foregoing acts and omissions of Defendants constitute violations of the FDCPA.

25. As a result of Defendants' FDCPA violations, Plaintiff, ARLENE SANDS has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendants.

WHEREFORE, Plaintiff ARLENE SANDS, prays that this Court enter judgment against the Defendants for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendants, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendants, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants, and other such relief in the discretion of this Court.

## **JURY TRIAL DEMAND**

26. Plaintiffs requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  July 11, 2013

        MILITZOK & LEVY, P.A.
*Attorneys for Plaintiffs*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com


By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842